FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH MICHAEL D.[1],<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br>Defendant. | No. 1:26-CV-03059-SAB<br><br>**ORDER REVERSING THE DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by Margaret Lehrkind and Paul Sachelari. The Commissioner is represented by Benjamin Groebner and Joseph Derrig. Pending before the Court is Plaintiff's Opening Brief, ECF No. 7, and the Commissioner's Brief, ECF No. 11.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

Commissioner's decision.

**I. Jurisdiction**

On December 20, 2022, Plaintiff filed an application for disability insurance benefits and for supplemental security income. In both applications, Plaintiff alleged disability beginning on November 5, 2019. Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested a hearing. On January 28, 2025, a telephonic hearing was held. Plaintiff appeared and testified, assisted by counsel Timothy Anderson. Christy Wilson, vocational expert, also participated. On April 11, 2025, the ALJ found Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, which affirmed the ALJ's decision on January 26, 2026.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on March 28, 2026. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

**II. Five-Step Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20

C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv),

416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d

1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

**IV. Statement of Facts**

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 39 years old. He dropped out of school after the 10th grade. He has experience working as a cook. He last worked at Famous Dave' restaurant. He quit because of the stress and pain he was experiencing. He does not have a valid driver's license. Plaintiff likes to wood carve but he has not been able because his hands fall asleep after 15 minutes of woodworking.

At the hearing, Plaintiff stated he could not work full time because of arthritis in his knee and back. This limits what he can lift and limits his ability to walk for very long. He stated he could stand for about 20-25 minutes before he experiences pain or stiffness. He stated he could walk for about 30 minutes and uses a cane when walking. If he does light work around the house, his pain doubles for the next couple of days. He struggles with anxiety and phobia of being around a lot of people. He also experiences depression.

At the time of the hearing, Plaintiff was living in an RV without running water. He has experienced food insecurity and reports eating one meal a day.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 17-33.

At step one, the ALJ found that Plaintiff has not engaged in substantial

gainful activity since November 5, 2019. AR 20.

At step two, the ALJ identified the following severe impairments: lumbar spondylosis, bilateral knee arthritis, obesity, major depressive disorder (MDD), generalized anxiety disorder (GAD), and cannabis dependence. AR 20.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 21. Ultimately, the ALJ concluded Plaintiff has a residual function capacity ("RFC") to perform:

> the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), except: the claimant can occasionally climb ladders, ropes, and scaffolds. He can occasionally stoop and crawl. He can frequently climb ramps and stairs and balance. He can understand and remember simple tasks. He can maintain concentration, persistence, and pace for two hours at a time. He can occasionally interact with co-workers and accept instructions from a supervisor. He can adapt to ordinary changes in a routine work setting.

AR 24-25.

At step four, the ALJ found Plaintiff had no past relevant work. AR 31.

In the alternative, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform in the national economy, including Small Product Assembler 1, Inspector Packer, and Electrical Accessories Assembler. Consequently, the ALJ found Plaintiff was not disabled from November 5, 2019 to April 11, 2025. AR 33.

## VI. ISSUES

1. Did the ALJ properly evaluate Plaintiff's symptom testimony?
2. Did the ALJ properly evaluate the medical evidence?

## VII. Discussion

### 1. Evaluation of Plaintiff's testimony

In determining whether a claimant's testimony regarding subjective pain or

symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence in the record. It noted that his statements regarding his back and knee pain are inconsistent with Plaintiff's medical imaging and testing. It noted that Plaintiff's medical imaging and testing showed largely mild to moderate changes. Also, his statements were inconsistent with Plaintiff's examination and treatment history. His symptoms were largely mild to moderate in nature and improved with treatment. The ALJ found Plaintiff's statements regarding the severity and limiting effects of his major depressive disorder (MDD), generalized anxiety disorder (GAD), cannabis dependence, and accompanying symptoms to be inconsistent with the claimant's examination results and treatment history. These impairments and their accompanying symptoms are largely mild to moderate in nature and improved with treatment.

The ALJ failed to provide clear and convincing reasons for discounting Plaintiff's testimony. The medical records document the following: chest pain due

to panic disorder; ongoing knee and back pain, x-rays that show degenerative disc disease in the back and knees, reduced range of motion in his back, hips, and knees, lumbar pain on palpitation, back pain worsening while standing, spasms, and positive straight leg raising tests. Doctors noted that Plaintiff was anxious and his depression was getting more severe with time.

The ALJ erroneously found that Plaintiff's symptom testimony were not consistent with his daily activities of daily living, such as managing personal care, watering his yard, leaving the house, and watching television. It is not clear how these activities would translate to full-time work. Moreover, the ALJ failed to account that Plaintiff could perform these activities with limitations. The ALJ failed to identify specific activities that included exertional functions that were inconsistent with Plaintiff's symptom testimony. The ALJ's credibility determination is not supported by substantial evidence.

**2. Evaluation of the Medical Evidence**

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) Supportability.
>
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency.
>
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

Plaintiff argues the ALJ erred in evaluating the examining medical opinions. He notes that he was referred to five separate independent consultative examinations over the course of several years—three physical consultative examinations and two psychological consultative examinations. These examinations documented that Plaintiff's symptoms have worsened over time.

The ALJ erred in finding that the latter opinions were not supported by substantial evidence or consistent with the record because both examinations document the physical findings, including a narrative discussion for the basis of the opinions and their findings are consistent with the record. Notably, in June 2022, Plaintiff's examination revealed abnormal findings including reduced range of motion in his cervical and lumbar spine, as well as his hips and knees. PA Kelton opined that Plaintiff could stand or walk for up to four hours in an eight-hour workday and sit for up to four hours during an eight-hour workday.

In May 2023, Plaintiff's examination documented tenderness and spasms in Plaintiff's lumbar spine that was exacerbated by range of motion along with "a fairly antalgic gait." Plaintiff had grimaced with ambulation from the waiting room to the exam room and he was unable to complete tandem walking, heel-toe walking due to loss of balance. He had a positive Romberg test and was using a

cane. Plaintiff had reduced range of motion in his cervical spine and hips along with a positive straight leg raising test. At that time, Plaintiff walked to the examination room with the use of a cane and was "clearly in some discomfort," "needs assistance getting on and off the exam table," and was "unable to take his shoes on and off independently." Nurse See opined that Plaintiff could stand or walk for less than two hours per day, sit for less than six hours, and "could benefit from a front-wheeled walker for longer distances" but was "ok with a cane."

Similarly, psychological examinations document significant psychiatric symptoms. In 2021, Dr. Morgan documented extensive psychiatric symptoms including "emptiness, loneliness, decreased appetite, insomnia, fatigue or loss of energy, low self-esteem, feelings of worthlessness, excessive guilt, concentration problems, indecisiveness, isolation, irritability, helplessness, hopelessness" and that "over the past month, he has been feeling depressed most of the time when he is awake." A second psychological consultative examination noted that Plaintiff was "inappropriately or poorly groomed," had a depressed mood, and had difficulty with attention and concentration. Plaintiff sought treatment for his anxiety and depression.

The ALJ erred in finding the consultative examinations were not persuasive because the opinions were supported by and consistent with the complete record.

**VIII. Conclusion**

The ALJ's decision that Plaintiff was not disabled during the period in question is not supported by substantial evidence. If the Court credits as true the improperly discredited testimony and opinions, it is clear the ALJ would be required to find Plaintiff disabled. As such, the Court declines to address whether the ALJ erred in conducting its Step Five analysis.

Because the record is fully developed, further proceedings would not serve any useful purpose. As such, a remand for the immediate award of benefits is appropriate. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Opening Brief, ECF No.7, is **GRANTED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 11, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 6th day of November 2026.

Stan Bastian
Chief United States District Judge